IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DOUGLAS R. ALTLAND,                          )
                                             )
                    Plaintiff,               )
                                             )    C.A. No. 26-00146-GBW-LDH
          v.                                 )
                                             )    FILED
MARYANN E. ALTLAND; LIZ                      )
SMAGALA; GREG GEROME,                        )    AUG 1 2 2026
                                             )
                    Defendants.              )    U.S. DISTRICT COURT DISTRICT OF DELAWARE

REPORT AND RECOMMENDATION

Plaintiff Douglas R. Altland filed this action pursuant to 42 U.S.C. § 1983. (D.I. 2).

Plaintiff appears pro se and has been granted leave to proceed *in forma pauperis*. (D.I. 4). The

Court now screens the Complaint under 28 U.S.C. §§ 1915(e)(2)(B).

## I.    BACKGROUND

Plaintiff Douglas R. Altland ("Plaintiff"), proceeding pro se, filed this action against

Defendants Maryann Altland, Liz Smagala, and Jerome Grey. (D.I. 2 at 1–3). Plaintiff identifies

"U.S. Government Plaintiff" as the basis for federal jurisdiction, although Plaintiff brings this

action in his individual capacity and the United States is not a party. (*Id.*). Plaintiff's allegations

are difficult to discern but appear to concern a workplace injury, subsequent medical treatment,

workers' compensation, access to medical records through HIPAA releases, charitable donations

and tax matters, powers of attorney, and allegedly defamatory conduct. (*Id.* at 4–6). Plaintiff also

references a separate "RICO" matter in connection with his workers' compensation injury. (*Id.* at

4–5). Plaintiff does not request a specified amount of monetary damages but instead seeks

assistance obtaining legal representation and medical treatment. (*Id.* at 7).

## II.    LEGAL STANDARD

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and the complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

2

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III.   DISCUSSION

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). This Court has subject matter jurisdiction over cases that raise federal questions and cases that present diversity jurisdiction. *See* 28 U.S.C. §§ 1331, 1332. Federal questions are raised in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity jurisdiction exists when the matter in controversy exceeds the value of $75,000, exclusive of interests and costs, and the suit is between citizens of different states. *See* 28 U.S.C. § 1332(a). Diversity jurisdiction "requires complete diversity of the parties; that is no plaintiff can be a citizen of the same state as any of the defendants." *Grand Union Supermarkets of the Virgin Islands, Inc. v. H.E. Lockhaart Mgmt., Inc.*, 316 F.3d 408, 410 (3d Cir. 2003).

The Court has an independent obligation to assure itself that subject-matter jurisdiction exists. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). Indeed, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R.

Civ. P. 12(h)(3). Subject-matter jurisdiction is a threshold inquiry that ordinarily must precede consideration of the merits. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998); *Malaysia Int'l Shipping Corp. v. Sinochem Int'l Co.*, 436 F.3d 349, 358–59 (3d Cir. 2006), aff'd, 549 U.S. 422 (2007).

The Court cannot discern a federal question for jurisdictional purposes. Plaintiff selects "U.S. Government Plaintiff" as the jurisdictional basis for this action. (D.I. 2 at 3). Section 1345 grants district courts original jurisdiction over civil actions "commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress." 28 U.S.C. § 1345. This action, however, was commenced by Plaintiff Douglas Altland, not the United States, a federal agency, or a federal officer. (*See* D.I. 2 at 1–3). Accordingly, § 1345 does not provide jurisdiction.

Nor does the Complaint otherwise establish federal-question jurisdiction under 28 U.S.C. § 1331. Although Plaintiff references "HIPAA" releases and a "RICO" matter, those references appear within the factual narrative concerning Plaintiff's medical records and workers' compensation injury. (*See* D.I. 2 at 4–6). Plaintiff does not clearly assert a cause of action under either statute against the named Defendants. The mere presence of a federal issue does not automatically confer federal-question jurisdiction. *See Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 813 (1986); *Smith v. Indus. Valley Title Ins. Co.*, 957 F.2d 90, 93–94 (3d Cir. 1992). And although a federal claim ordinarily invokes § 1331 even if it ultimately fails on the merits, *see Bell v. Hood*, 327 U.S. 678, 682–83 (1946), the Court cannot discern from the Complaint that Plaintiff actually asserts such a claim.

Finally, nothing in the Complaint establishes diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff does not allege the citizenship of the defendants, and the addresses provided in the

Complaint do not establish citizenship because citizenship depends upon domicile rather than residence. *See McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir. 2006); (D.I. 2 at 2–3). Nor does Plaintiff provide his own address. With respect to the amount in controversy, although he checked the box on the form suggesting that diversity jurisdiction exists, Plaintiff left the damages section of the form blank; instead, he indicated he would like "other" relief, that is, a lawyer to help him access his medical records and with this case. As such, there is no indication that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

Accordingly, the Complaint does not establish federal subject-matter jurisdiction. Since it is not inconceivable that Plaintiff's deficient pleading could be cured, it is further recommended that Plaintiff be given an opportunity to amend his Complaint. An amended complaint must meet the notice pleading standard, and it must contain enough facts to raise a plausible inference of a violation within this Court's jurisdiction.

## IV. CONCLUSION

For the foregoing reasons, the Court recommends that Plaintiff's Complaint (D.I. 2) be DISMISSED.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), (C), Federal Rule of Civil Procedure 72(b)(1), and D. Del. LR 72.1. The parties may file objections to this Report and Recommendation within fourteen (14) days after being served with a copy of the Report and Recommendation. *See* FED. R. CIV. P. 72(a) & (b)(2); *see also* FED. R. CIV. P. 6(d). Any objections to the Report and Recommendation shall be limited to ten (10) pages. Any response shall be filed within fourteen (14) days thereafter and limited to ten (10) pages. The failure of a party to object may result in the loss of the right to review in the district court and the loss of certain appellate rights or the right to appellate review. *See Henderson v. Carlson*, 812

F.2d 874, 878–79 (3d Cir. 1987); *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99–100 (3d Cir. 2017); *United Steelworkers of America, AFL-CIO v. New Jersey Zinc Co.*, 828 F.2d 1001, 1006–08 (3d Cir. 1987); *Bello v. United Pan Am. Fin. Corp.*, C.A. No. 24-2052, 2025 WL 275109, at *3 n.5 (3d Cir. Jan. 23, 2025). Parties are directed to the Court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated March 7, 2022, a copy of which is available on the Court's website, https://www.ded.uscourts.gov.

Date: August 12, 2026

_____
United States Magistrate Judge